**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RONALD JOSEPH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2017-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Ronald Joseph's Petition for Writ of Habeas Corpus, ECF No. 1, in which he argues that his detention is unlawful and asks the Court to order his release or a bond hearing.

Joseph states that he previously filed a petition in the Northern District of Texas, with case number 6:26-cv-62. *Id.* ¶ 54. That petition was denied on the merits, both as to Joseph's statutory claim and his constitutional due process claim. *See* Order, *Joseph v. Warden, Eden Detention Center*, No. 6:26-cv-62 (N.D. Tex. May 6, 2026), ECF No. 10. His current Petition raises the same claims and must therefore be dismissed, regardless of whether this Court would have reached a different conclusion in the first instance. *See Beras v. Johnson*, 978 F.3d 246, 251–52 (5th Cir. 2020) ("[I]t is an abuse of the writ for a prisoner to raise the same claim a second time.").

To the extent Joseph brings a new claim predicated on the length—not just the fact—of his detention, he has been detained for about seven months, *see* Pet. ¶ 56, which falls well short of the length of detention courts have found to be unreasonably prolonged in the pre-removal order context. *See, e.g.*, *Habib-Hussain v. Warden, ERO El Paso Camp E. Montana*, No. 3:26-

cv-1340-KC, 2026 WL 1733207, at *1–3 (W.D. Tex. June 15, 2026) (finding thirteen month detention unreasonable where immigration court had yet to adjudicate the petitioner's case); *Maldonado v. Macias*, 150 F. Supp. 3d 788, 808–11 (W.D. Tex. 2015) (finding detention of twenty-six months was unreasonable); *Em v. Mayorkas*, No. 3:26-cv-411-DB, 2026 WL 1396218, at *5–7 (W.D. Tex. May 19, 2026) (finding detention exceeding twenty months was prolonged).  He is also not subject to a final order of removal, which would trigger a different reasonableness standard for prolonged detention.  *See* Pet. ¶¶ 22–25; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  Thus, his Petition does not raise any new claims at this time.  The Court does not express any opinion on whether and when his detention may become unreasonably prolonged at some point in the future.

Accordingly, the Court **ORDERS** that Joseph's Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**The Clerk shall close the case.**

**SO ORDERED**.

**SIGNED this 30th day of July, 2026.**

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2